MARGARITA ROMERO DE SANTANA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1215.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 25, 1947.

---

*Harry B. Llenza,* abogado de la recurrente; el Registrador recurrido comparcció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La señora Leonides Laboy, viuda de Silva, y sus seis hijos menores de edad, eran dueños en común proindiviso de una casa y solar ubicados en el Barrio Obrero, de Santurce, en la proporción de 28 por ciento para la madre y 12 por ciento para cada uno de los hijos. En septiembre 20 de 1943, la Corte de Distrito de San Juan dictó una resolución autorizando a la señora Silva para vender dicha propiedad a Margarita Romero de Santana por el convenido precio de $3.000, disponiendo, además, ''que la venta de dicha casa y solar se efectúe bajo la condición de que la misma sea aprobada por el Hon. Comisionado del Trabajo de acuerdo con la Ley núm. 53 de 11 de julio de 1921, según fuera enmendada por la Ley núm. 60 aprobada en 30 de abril de 1928 y leyes subsiguientes, creando la División de Hogares Seguros del Departamento del Trabajo.'' El 21 de septiembre de 1943, la Sra. Silva, por su propio derecho y como madre con patria potestad sobre sus menores hijos, otorgó escritura de compraventa a favor de la señora Santana, la recurrente. Presentada la escritura al Registro, acompañada de una certificación expedida por el Oficial Jurídico y Jefe de la División de Hogares Seguros, acreditativa del acuerdo adoptado por la Subdivisión de Reclamaciones e Interpretación de Contratos, autorizando el traspaso del certificado de posesión, negóse el Registrador a

practicar la inscripción solicitada, por el siguiente fundamento:

"En lo que respecta a los condominios de los menores por no haberse verificado, en relación con los mismos, la subasta que ordena el Código Civil y determina la Ley de Procedimientos Legales Especiales."

Alega la compradora recurrente que el Registrador incurrió en error al aplicar al caso de autos los preceptos legales citados en su nota; y sostiene, que tratándose de una propiedad ubicada en el Barrio Obrero, el Registrador debió aplicar las disposiciones de la Ley núm. 53 de 11 de julio de 1921 (pág. 387), según fué enmendada por la Ley núm. 60 de 30 de abril de 1928 (pág. 467), que no exigen el requisito de la subasta en casos como el de autos. Alega, además, que si se exigiera la celebración de la subasta que dispone el Código Civil y la Ley de Procedimientos Legales Especiales, el propósito esencial de las leyes que regulan el Barrio Obrero quedaría destruído.

No nos convence el argumento de la recurrente. Es cierto que las citadas leyes de 11 de julio de 1921 y 30 de abril de 1928 disponen que el solicitante para el arrendamiento con derecho a propiedad de terrenos en el Barrio Obrero deberá ser ciudadano de los Estados Unidos y persona de buena conducta; que su entrada anual no deberá exceder de $1,500; que el valor de sus otras propiedades no deberá ser mayor de $300; y que el solicitante estará obligado a dar al Comisionado del Interior todos los informes que requiera la Comisión de Hogares Seguros.(¹) Es igualmente cierto que, de acuerdo con lo dispuesto por el artículo 16 de la citada Ley de 11 de julio de 1921, "con la aprobación de la Comisión de Hogares Seguros, las personas que arrienden solares, solares con casas, o pequeñas granjas con derecho a propiedad, ... podrán ceder sus arrendamientos y propiedad a otras personas

(¹)Véanse: Resolución Conjunta núm. 47 de 15 de mayo de 1933 (Leyes de 1932–33, pág. 743); Ley 250 de 1938 (pág. 492) y Ley 144 de 1943 (pág. 445).

que estén capacitadas de acuerdo con esta Ley, para arrendar o comprar dichos solares, solares y casas y pequeñas granjas.'' Todas esas restricciones y condiciones que hemos enumerado son, a la par que justas y razonables, absolutamente necesarias para evitar que las propiedades cedidas a personas pertenecientes a la clase obrera y de entradas anuales limitadas, pasen a manos de personas mejor acomodadas o de especuladores, con el resultado final de que el Barrio Obrero dejaría de serlo.

Por otro lado, el artículo 159 del Código Civil, Ed. 1930, y el apartado 5 del artículo 614 y el párrafo 2 del artículo 616 del Código de Enjuiciamiento Civil, Ed. 1933, disponen, para la protección de los menores, (a) que ni el padre ni la madre podrán enajenar o gravar bienes inmuebles del hijo menor, sin la previa autorización de la corte de distrito; y (b) que la venta se hará mediante subasta pública ante el márshal del distrito.

No vemos razón alguna que impida o haga imposible el que en una venta de una propiedad ubicada en el Barrio Obrero, perteneciente a menores, se cumplan todos los requisitos exigidos por las Leyes de 11 de julio de 1921 y 30 de abril de 1928, para la protección del Barrio Obrero, y se observen al mismo tiempo las prescripciones del Código Civil y de la Ley de Procedimientos Legales, necesarias para la protección de los intereses de los menores dueños del inmueble. No existe conflicto alguno entre las leyes aplicables al Barrio Obrero y las disposiciones del Código Civil y Ley de Procedimientos Legales Especiales. Unas y otras pueden ser armonizadas fácilmente, con sólo disponer en la resolución de la corte de distrito aprobando la venta del inmueble, que el márshal del distrito ante el cual deba celebrarse la subasta no admitirá como postor a persona alguna que no reúna las condiciones requeridas por el artículo 9 de la Ley núm. 53 de 11 de julio de 1921, y que el márshal no hará la adjudicación de la propiedad al mejor postor, sin la previa aprobación

de la Comisión de Hogares Seguros. En esa forma quedarán debidamente protegidos los intereses de la comunidad denominada "Barrio Obrero" y los derechos de los menores.

*Por las razones expuestas opinamos que las objeciones del Registrador están bien fundadas y que la nota recurrida debe ser confirmada.*